IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY, COMPANY, | ) Civil No.: 3:14-cv-01623-JE ) ) |
| Plaintiff, | ) FINDINGS AND ) RECOMMENDATION |
| v. | ) ) |
| THE MERITAGE HOMEOWNERS', ASSOCIATION, an Oregon non-profit Corporation, | ) ) ) ) |
| Defendant. | ) ) |

Douglas F. Foley
Vernon S. Finley
Douglas Foley & Associates, PLLC
13115 NE 4th Street, Suite 260
Vancouver, WA 98684

    Attorneys for Plaintiff

Seth H. Row
Parsons Farnell & Grein LLP
1030 SW Morrison Street
Portland, OR 97205

    Attorney for Defendant

FINDINGS AND RECOMMENDATION – 1

JELDERKS, Magistrate Judge:

Plaintiff State Farm Fire and Casualty Company (State Farm) brings action seeking declaratory relief and confirmation of an arbitration award. Plaintiff's petition for confirmation of the arbitration award has already been resolved by this Court's order approving a stipulated motion to confirm the award. (Dkt. # 12) Plaintiff's claim for declaratory relief seeks a judgment declaring that Defendant The Meritage Homeowners' Association ("HOA") must follow the provisions of the Arbitration Agreement that led to the arbitration award. The HOA moves to dismiss State Farm's claim for declaratory relief pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. For the reasons discussed below, the HOA's motion should be granted.

## Background

The allegations set out below are drawn from State Farm's Complaint and, for purposes of deciding the pending motion to dismiss, are accepted by the Court as true.

The HOA is a homeowners' association for the "Meritage" planned community situated in the City of Newport in Lincoln County, Oregon. State Farm issued a Condominium/Association Policy to the HOA. A copy of the certified policy is attached as Exhibit 1 to State Farm's Complaint.

The HOA was named as a defendant in a lawsuit filed in Lincoln County Circuit Court by homeowners in the Meritage planned community. The suit, titled *Bahram Adrangi et al. vs. Kurt Freitag, Rita Schaeffer, Big Fish Partners I, and the Meritage Homeowners Association* (the "*Adrangi* litigation"), included allegations against the HOA related to the management and maintenance of the development. The parties to the *Adrangi* litigation mediated their dispute and related litigation and reached a settlement in late 2012.

In December 2013, as a result of a dispute between State Farm and the HOA regarding the extent of State Farm's obligation to pay the HOA's legal expenses incurred in defending the *Adrangi* litigation, the parties entered into an Arbitration Agreement and agreed to submit the dispute to binding arbitration. An arbitration hearing was convened on February 10, 2014 and the arbitrator issued his opinion on March 2, 2014, finding that State Farm was not obligated to reimburse the HOA for the disputed defense costs it had incurred up until the time of arbitration.

After the *Adrangi* litigation purportedly settled, three homeowners in that case filed a Third Amended Complaint. This Third Amended Complaint alleges various claims for relief, including nullification of the *Adrangi* Settlement Agreement. In addition, there have been counterclaims asserted against the HOA in three of the related "lien litigation" lawsuits in which the HOA is seeking to collect unpaid Homeowners' Association assessments. State Farm has agreed, subject to a reservation of rights, to provide a defense for the HOA for the claims alleged in the *Adrangi* Third Amended Complaint and the counterclaims asserted in the "lien litigation."

State Farm now seeks a declaration from the Court that "Meritage has to follow the provisions of the Arbitration Agreement for the payment of additional legal expenses" and that State Farm "is not responsible for the payment of legal fees and costs that were adjudicated in the Arbitration . . . in the event that claim is made in the ongoing *Adrangi* litigation and related lien litigation cases." Complaint at ¶¶ 19.1, 19.2.

## Discussion

The HOA contends that State Farm's claim for declaratory relief should be dismissed for failure to state a claim because it does not allege an "actual controversy" sufficient to obtain relief under the Declaratory Judgment Act, 28 U.S.C. §2201. The HOA also argues that State Farm's Response to the motion to dismiss demonstrates that it is attempting to use this action and

the terms of the Arbitration Agreement as a basis to terminate its obligation to continue providing the HOA with a defense in the currently pending *Adrangi* and "lien" litigation.

## I. Standards for Evaluating Motions to Dismiss Under Fed. R. Civ. P. 12(b)(6)

In evaluating a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept the allegations of material fact as true, and must construe those allegations in the light most favorable to the non-moving party. Parks Sch. of Bus. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, the court need not accept any legal conclusions set forth in a plaintiff's pleading. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege sufficient facts to state a claim for relief "that is plausible on its face." Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court must determine whether the plaintiff has made factual allegations that are "enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 545. Dismissal under Rule 12(b)(6) is proper only where there is no cognizable legal theory to support the claim or when there is an absence of sufficient factual allegations to support a facially plausible claim for relief. Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010).

## II. The Declaratory Judgment Act

State Farm brings this action pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 ("Act").

The Act authorizes federal district courts to declare the rights and legal relations of "any interested party seeking such declaration" in an actual controversy, and provides that such a declaration has the effect of a final judgment. 28 U.S.C. § 2201(a)(1). An action seeking federal declaratory relief must present an actual case or controversy within the meaning of Article III,

FINDINGS AND RECOMMENDATION – 4

Section 2 of the United States Constitution, Aetna Life Ins. Co. of Hartford v. Haworth, 300 U.S. 227, 239-40, 57 S.Ct. 461 (1937), and must satisfy statutory jurisdictional requirements. Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1222 (9th Cir. 1998) (citing Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 672, 70 S.Ct. 876, 879 (1950)). The authority granted under the Act is permissive, not mandatory, Id. at 1223; and "[i]f the suit passes constitutional and statutory muster, the district court must also be satisfied that entertaining the action is appropriate." Id. at 1222.

The "actual controversy" requirement is satisfied where the plaintiff alleges facts showing a substantial controversy between parties with adverse legal interests that is sufficiently immediate to warrant the issuance of declaratory relief. Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 272-273, 61 S.Ct. 510 (1941). The dispute must "'admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127, 127 S.Ct. 764, 771 (2007) (quoting Aetna Life Ins. Co. v. Haworth, 300 U.S. at 240–41) (alteration in original).

### III. The Arbitration Agreement

A copy of the Arbitration Agreement between State Farm and the HOA is attached as Exhibit 2 to State Farm's Complaint and is incorporated by reference. It is therefore, appropriate for this Court to consider the Agreement in determining the pending motion to dismiss. See Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001)(court may consider material properly submitted as part of the complaint on a motion to dismiss without converting the motion to one for summary judgment).

FINDINGS AND RECOMMENDATION – 5

The Arbitration Agreement states that its purpose is to "resolve any and all further claims asserted by the HOA against State Farm for attorney fees for legal services rendered to the HOA relating to the [*Adrangi* litigation]." The Agreement further sets forth that

> 7. At the arbitration the HOA shall be entitled to request an award of damages of up to $187,887.03 for defense costs incurred through December 13, 2013, plus any defense costs that may be incurred between December 14, 2013 and January 24, 2014 . . . In no event may the HOA seek Total Damages (defined as damages referred to in this Paragraph together with Post-Hearing Fees as defined below) from State Farm pursuant to this Agreement in excess of $225,000.
>
> 8. In the event that the HOA incurs defense costs after December 13, 2013 that are not sought at the Arbitration ("Post-Hearing Fees"), the Parties agree that the HOA may seek reimbursement of Post-Hearing Fees. The amount of Post-Hearing Fees sought by the HOA shall in no event exceed the difference between the amount sought at the arbitration and $225,000. The arbitration between the Parties referred to in Paragraph 7, above, will resolve any and all claims with respect to defense costs as to which damages are sought at the arbitration. In order to seek such Post-Hearing Fees, the Parties shall proceed as follows: 1) the HOA shall present the Post-Hearing Fees, with supporting documentation, to State Farm in writing (via State Farm's counsel) with a request for reimbursement; 2) State Farm shall, within 30 days of the date of the HOA's communication, indicate to the HOA (via the HOA's counsel) its position on reimbursement of the Post-Hearing Fees; 3) if State Farm refuses to reimburse the HOA for the Post-Hearing Fees, the HOA may within 30 days make a written request to the Arbitrator that he resolve the dispute . . . .

## IV. Analysis

As noted above, the HOA contends that State Farm's claim for declaratory relief should be dismissed for failure to state a claim upon which relief can be granted because State Farm has not alleged an "actual controversy." The HOA points to State Farm's request for a declaration that it "is not responsible for the payment of legal fees and costs that were previously adjudicated in the Arbitration in the event that claim is made in the ongoing *Adrangi* litigation and related lien litigation" and correctly notes that State Farm has failed to include any allegation that the HOA has contested, disregarded or sought to set aside the arbitrator's decision. The HOA also argues that State Farm has failed to include any allegations in its Complaint that the HOA has

FINDINGS AND RECOMMENDATION – 6

incurred any additional legal expenses or that the HOA has sought reimbursement for additional legal expenses outside the Arbitration Agreement's process.  The HOA asserts that State Farm is improperly using its request for a declaration that the HOA must "follow the provisions of the Arbitration Agreement for the payment of additional legal expenses" to terminate its duty to defend the HOA in the underlying litigation.

State Farm argues that there is an "actual controversy" because it is incurring ongoing attorney fees in defending the HOA in the litigation stemming from the *Adrangi* Third Amended Complaint filed in Lincoln County.  It alleges that the HOA has two law firms representing it in the Lincoln County litigation – the HOA's personal counsel and a defense firm hired by State Farm.  It argues that regardless of whether the HOA has sought the payment of legal fees, State Farm continues to pay attorney fees for the ongoing litigation and the HOA is required to comply with the Arbitration Agreement for the payment of further defense costs by State Farm.  State Farm contends that it is proper for it to obtain judicial resolution for the payment of additional defense costs without having to await the commencement of legal action by the HOA and that the payment of ongoing legal fees is necessitated by State Farm's defense and the HOA's failure to follow the Arbitration Agreement.

State Farm's request for declaratory relief is set out in paragraphs 19.1 and 19.2 of its Complaint.  Paragraph 19.1 requests that the Court "declare that [the HOA] has to follow the provisions of the Arbitration Agreement for the provision of additional legal expenses." Paragraph 19.2 requests that the Court "determine that State Farm is not responsible for the payment of legal fees and costs that were adjudicated in the Arbitration (finding that State Farm owed nothing) in the event that claim is made in the ongoing *Adrangi* litigation and related lien litigation cases."

FINDINGS AND RECOMMENDATION – 7

I conclude that, on its face, the Complaint fails to present an "actual case or controversy" and should therefore be dismissed. See Aetna Life Ins. Co. of Hartford, 300 U.S. 227 at 239-40. State Farm seeks a declaration that the HOA follow the provisions of the Arbitration Agreement but fails to allege any actual or even potential violation of the agreement. Thus, any controversy between the parties is not "sufficiently immediate [as] to warrant the issuance of declaratory relief." See Maryland Casualty Co., 312 U.S. at 272-273. Furthermore, the Complaint, states that it seeks relief "in the event" that the HOA makes a claim for the payment of legal fees and costs that were adjudicated in the Arbitration. Again, State Farm fails to allege that the HOA has made such a claim, has threatened to make such a claim or has otherwise refused to follow the Arbitration Agreement's procedures for requesting reimbursement for additional fees. As such, State Farm's request is based on, at best, a "hypothetical set of facts" and seeks, what would amount to, an impermissible advisory opinion. See MedImmune, 549 U.S. at 127.

State Farm's argument that there exists an actual controversy because the HOA demanded and State Farm is currently providing a defense for the HOA in the ongoing *Adrangi* and related lien litigation is unavailing. A thorough review of the Arbitration Agreement confirms that it is intended to resolve claims asserted by the HOA against State Farm for attorney fees the HOA itself incurs during the underlying litigation. Paragraph 7 describes how, at the arbitration, the HOA may request an award of damages for defense costs incurred both through December 13, 2013 and from December 14, 2013 to January 24, 2014. The arbitration discussed in Paragraph 7 was intended to "resolve any and all claims with respect to defense costs as to which damages are sought at the arbitration."

Paragraph 8 of the Arbitration Agreement provides a procedure for the HOA to seek reimbursement of "Post-Hearing Fees," which are defined as defense costs that the HOA incurs

FINDINGS AND RECOMMENDATION – 8

after December 13, 2013 and that it does not seek at the Arbitration. From the plain language of the Agreement, it is clear that this provision is intended to address the *reimbursement* of attorney fees that the HOA incurs for its defense. See Ex. 2 to Pl.'s Complaint (. . . the HOA may seek *reimbursement* of Post-Hearing Fees . . . the HOA shall present the Post-Hearing Fees, with supporting documentation, to State Farm in writing . . . with a request for *reimbursement* . . .)(emphasis added). Nothing in the language of the Arbitration Agreement addresses, let alone negates, State Farm's duty to defend as set forth in the insurance policy and nothing in State Farm's Complaint seeks relief related to terminating its obligation to provide a defense in the underlying litigation. The Complaint, as it pertains to the issue of additional legal expenses, seeks only a declaration that the HOA must follow the provisions of the Arbitration Agreement. And, as noted above, State Farm's Complaint contains no allegation that the HOA has even sought reimbursement of Post-Hearing Fees, let alone failed to follow the Agreement's provisions in doing so.

Despite State Farm's arguments to the contrary, the HOA's obligation to comply with the procedures by which it requests reimbursement of attorney fees for the defense costs it incurs and State Farm's obligation to defend (and pay the attendant defense costs) under its policy provisions are separate issues. The latter of these issues has not been raised in State Farm's Complaint and is not, therefore, currently before me. As to the former issue, I conclude that State Farm's Declaratory Judgment claim fails to state a claim upon which relief can be granted and, therefore, should be dismissed.

## Conclusion

For the reasons discussed above, Defendant's motion to dismiss [#6] should be GRANTED and this action should be dismissed.

FINDINGS AND RECOMMENDATION – 9

**<u>Scheduling Order</u>**

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due March 23, 2015. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 4th day of March, 2015.

        /s/ John Jelderks
John Jelderks
U.S. Magistrate Judge