IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **STATE FARM FIRE AND CASUALTY COMPANY**, | |
| Plaintiff, | No. 3:14-cv-01623-JE |
| v. | OPINION AND ORDER |
| **THE MERITAGE HOMEOWNERS' ASSOCIATION,** an Oregon non-profit Corporation**,** | |
| Defendant. | |

**MOSMAN, J.**,

Before me now is the Meritage Homeowners Association's ("Meritage") motion for an order sanctioning the State Farm Fire and Casualty Company ("State Farm") for the filing and prosecution of State Farm's suit seeking declaratory relief and confirmation of the arbitration award. For the reasons set forth below, I DENY Defendant's Motion for Sanctions [20].

## BACKGROUND

Meritage is a non-profit homeowners association located in Newport, Oregon. In February 2010, State Farm issued a Condominium/Association policy to Meritage. State Farm's policy included a provision that partially covered Meritage in the event of litigation. In January 2011, the Meritage Homeowners Association was sued by sixteen of the eighteen homeowners in the Meritage community, alleging in-part that it inappropriately managed and maintained the development. In late 2012, the parties mediated their dispute and were able to reach a

1 – OPINION AND ORDER

settlement. In December 2013, the parties entered into an arbitration agreement that included a provision to resolve any-and-all further claims asserted by Meritage through arbitration. In February 2014, State Farm arbitrated a dispute over Meritage's additional demand for payment of attorney fees. The arbitrator found that State Farm was not obligated to reimburse Meritage for the costs it incurred up until the time of arbitration.

In August 2014, three homeowners filed an amended complaint seeking to overturn the Settlement Agreement. On October 13, 2014, State Farm filed suit, seeking declaratory relief and confirmation of the arbitration award, directing Meritage to abide by the process set-forth in the arbitration agreement for the payment of further defense costs. Judge Jelderks issued his Findings and Recommendation ("F&R") [18] on March 4, 2015 and granted Mertiage's Motion to Dismiss State Farm's claim for failure to state a claim [6], finding that based on the pleadings there was no actual case or controversy. The parties did not object to the F&R. On April 1, 2015, I agreed with Judge Jelderks recommendation and adopted the F&R as my own opinion [24].

Seven days after the F&R was issued, Meritage filed a Motion for Sanctions [20], seeking an award of attorney fees incurred by Meritage for the prosecution of State Farm's suit for declaratory relief.

## DISCUSSION

### I. The Proper Legal Standard

Rule 11 provides for the imposition of sanctions when a filing is frivolous, legally unreasonable, without factual foundation, or is brought for an improper purpose. *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1177 (9th Cir. 1996). "[A] district court may impose Rule

11 sanctions if a paper filed with the court is for an improper purpose, or if it is frivolous." *G.C. & K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1109 (9th Cir. 2003). "An objective standard of reasonableness is applied to determinations of both frivolousness and improper purpose." *Stewart v. Am. Int'l Oil & Gas Co.,* 845 F.2d 196, 201 (9th Cir. 1988), citing *Zaldivar v. City of Los Angeles,* 780 F.2d 823, 830–31 (9th Cir. 1986).

The Ninth Circuit uses the term "frivolous" to denote those filings that are, "both baseless and made without a reasonable and competent inquiry." *Buster v. Greisen,* 104 F.3d 1186, 1190 (9th Cir. 1997) (internal quotations omitted); *see also Townsend v. Holman Consulting Corp.,* 929 F.2d 1358, 1362 (9th Cir. 1990). Therefore, while conducting a Rule 11 analysis, a district court must conduct a two-prong inquiry to determine: "(1) whether the complaint is legally or factually 'baseless' from an objective perspective, and (2) if the attorney has conducted 'a reasonable and competent inquiry' before signing and filing it." *Christian v. Mattel, Inc.,* 286 F.3d 1118, 1127 (9th Cir. 2002), citing *Buster v. Greisen,* 104 F.3d at 1190.

One of the fundamental purposes of Rule 11 is to "reduce frivolous claims, defenses or motions and to deter costly meritless maneuvers... [thereby] avoid[ing] delay and unnecessary expense in litigation." *Golden Eagle Distrib. Corp. v. Burroughs Corp.,* 801 F.2d 1531, 1536 (9th Cir. 1986) (internal quotation marks and citations omitted). However, "Rule 11 must not be construed so as to conflict with the primary duty of an attorney to represent his or her client zealously. Forceful representation often requires that an attorney attempt to read a case or an agreement in an innovative though sensible way. Our law is constantly evolving, and effective representation sometimes compels attorneys to take the lead in that evolution." *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988).

### II. Application

State Farm argues that Meritage's Motion for Sanctions is untimely as it does not abide by the provisions outlined in Rule 11(c)(2). This rule, typically referred to as the "safe harbor" provision of Rule 11, gives an attorney the opportunity to withdraw or correct a challenged filing by requiring the party filing a Rule 11 motion to serve the motion twenty-one days before they actually file their motion. The Ninth Circuit has noted that "[t]he purpose of the safe harbor . . . is to give the offending party the opportunity, within 21 days after service of the motion for sanctions, to withdraw the offending pleading *and thereby escape sanctions*. A motion served after the complaint had been dismissed [does] not give [the offending party] that opportunity." *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998) (emphasis in original).

#### A. Did Meritage File their Motion for Sanctions within the "Safe Harbor?"

Fed. R. Civ. P. 11(c) states, in pertinent part:

> **(c) Sanctions.**
> **(1)** *In General.* If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.
> **(2)** *Motion for Sanctions.* A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Accordingly, there are two actions at issue—the service of the Motion for Sanctions and the filing of the Motion for Sanctions. In the case at hand, Meritage filed their Motion to Dismiss on November 11, 2014, State Farm responded on November 25, 2014, and Meritage replied on December 5, 2014. On December 19, 2014, Meritage served State Farm with a

Motion for Sanctions under Rule 11. On March 4, 2015, Judge Jelderks issued his recommendation that Meritage's Motion to Dismiss should be granted. Seven days later, on March 11, 2015, Meritage filed their Motion for Sanctions.

As State Farm correctly points out, the Ninth Circuit is highly concerned about any situation where a party is not served with a Rule 11 motion with sufficient time to withdraw or correct the challenged filing. *See Barber,* 146 F.3d at 710; *see also Retail Flooring Dealers of Am., Inc. v. Beaulieu of Am., LLC,* 339 F.3d 1146, 1151 (9th Cir. 2003). While I am troubled by the fact that Meritage waited almost two-and-a-half months after they provided State Farm with their pre-filing notice to finally file their motion, the fact remains that they did file the Motion for Sanctions within the required timeframe (after twenty-one days). Unlike the majority of cases cited by State Farm where a Rule 11 motion was served "well after the time in which [the opposing party] could correct or withdraw its complaint," *Retail Flooring*, 339 F.3d at 1151, the Motion at issue in this case was served a little less than three months before Judge Jelderks issued his opinion and order. During that time, State Farm was put on notice that Meritage intended to file their Rule 11 motion and State Farm had the requisite twenty-one days of notice to correct or amend their complaint.

I recognize that Meritage's delay in filing has put State Farm in a peculiar position. State Farm can no longer dismiss their complaint following Judge Jelderks' order, but they are also left with a Rule 11 motion from which they can no longer "withdraw or correct." Despite this conundrum, the fact remains that State Farm is in the same position they would have been in if Meritage had filed their Rule 11 motion twenty-two days after they served State Farm with notice. During the twenty-one days between December 19, 2014 and January 9, 2015, State Farm had the opportunity to withdraw or amend their complaint. On day twenty-two, Meritage's

5 – OPINION AND ORDER

Rule 11 motion was outside of the safe harbor time frame, and therefore "ripe" for filing. State Farm has not alleged that they were not properly served and therefore were aware of the complaints being lodged against them. After that time, State Farm was on notice that Meritage might file their Rule 11 motion, and thus State Farm was given the requisite amount of time to correct or amend. They chose not to do so. Having determined that Meritage filed their Rule 11 motion following the safe harbor period prescribed by Rule 11(c)(2), I will next address the merits of this motion.

### B. Meritage's Rule 11 Motion for Sanctions Lacks Sufficient Merit.

When evaluating a Rule 11 motion, where the complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine: "(1) whether the complaint is legally or factually 'baseless' from an objective perspective, and (2) if the attorney has conducted 'a reasonable and competent inquiry' before signing and filing it." *Christian v. Mattel, Inc.,* 286 F.3d at 1127, citing *Buster v. Greisen,* 104 F.3d at 1190.

### 1.) Was State Farm's Complaint Legally or Factually "Baseless"?

Meritage argues that State Farm's declaratory judgment claim is baseless, in that it "contends as a *legal* matter that there is a dispute between the parties deserving of resolution under the Declaratory Judgment Act, but admits, as a *factual* matter, that in fact there is no such dispute." Def.'s Mot. for Sanctions [20] at 4. State Farm admits that Meritage has not violated the arbitration agreement, yet still seeks declaratory judgment "in the event" that Meritage makes a demand in violation of the agreement. The Declaratory Judgment Act, the Act Plaintiff sought relief under, does not provide a cause of action for a hypothetical or potential controversy between the parties, but only provides relief where there is a "case of actual controversy." 28 U.S.C. § 2201.

"Declaratory relief is allowable only as to a justiciable controversy that can affect the present rights of the parties. 'To be justiciable, a controversy must involve a dispute based on present facts rather than on contingent or hypothetical events.'" *McDonald v. Sun Oil Co.*, 423 F. Supp 2d 1114, 1131 (D. Or. 2006), *rev'd on other grounds,* 548 F.3d 774 (9th Cir. 2008), citing *TVKO v. Howland,* 73 P.3d 905, 908 (Or. 2003).

Judge Jelderks's F&R found that, based on the pleadings before him, there was no actual case or controversy. State Farm argues that this finding alone does not mean that their action was frivolous, and I agree. The declaration of their counsel, Douglas Foley, sets forth a detailed summary that attempts to prove that a factual basis for the complaint existed for an actual controversy.

However, "[t]he simple fact that an attorney's legal theory failed to persuade the district court 'does not demonstrate that [counsel] lacked the requisite good faith in attempting to advance the law.' Rather, we reserve sanctions for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Operating Eng'rs Pension Trust v. A-C Co.,* 859 F.2d at 1344, citing *Hurd v. Ralphs Grocery Co.,* 824 F.2d 806, 811 (9th Cir. 1987). This case is not one of the "rare and exceptional" cases that warrant such action.

The Declaration of Douglas Foley and the attached exhibits demonstrate that the action was brought in good faith and not for an improper purpose. State Farm points to the procedure agreed to in Paragraph 8 of the Arbitration Agreement (Foley Decl. [23] at 2–3) which establishes the mechanism for reimbursement of legal fees after the hearing ("Post-Hearing Fees"). This mechanism requires Meritage to submit requests for all Post-Hearing Fees to State Farm. State Farm must then approve or disapprove of the request, and if they disapprove,

7 – OPINION AND ORDER

Meritage can then appeal to the Arbitrator to resolve the dispute. (Foley Decl. [23] at 2–3). Although State Farm ultimately fails to state a claim upon which relief can be granted, there is evidence supporting their good faith belief that Meritage would breach the procedures from Paragraph 8 of the Arbitration Agreement, outlined above. Correspondence from Meritage's counsel, Seth Row, to State Farm's counsel, Douglas Foley, showcase Meritage's objectively reasonable understanding that State Farm was required to continue to cover legal fees, independent of the Arbitration Agreement's procedures for Meritage to submit requests. (Foley Decl. [23] Ex. 3); (Row Decl. [26] Ex. B, Ex. D). These correspondence, along with State Farm's responses (Foley Decl. [23] Ex. 4); (Row Decl. [26] Ex. C, Ex. E), establish sufficient ground to justify State Farm's good faith belief that Meritage did not intend to cooperate with the Arbitration Agreement's provisions.

While their claim ultimately fails, State Farm's complaint is not entirely devoid of legal and factual bases to the extent that would justify the "rare and exceptional" imposition of sanctions.

### 2.) Did State Farm's Counsel Conduct a Reasonable and Competent Inquiry?

An attorney has a "duty prior to filing a complaint not only to conduct a reasonable factual investigation, but also to perform adequate legal research that confirms whether the theoretical underpinnings of the complaint are 'warranted by existing law or a good faith argument for an extension, modification or reversal of existing law.'" *Christian v. Mattel, Inc.*, 286 F.3d at 1127, citing *Golden Eagle,* 801 F.2d at 1537.

Counsel for State Farm, Douglas Foley, states that he made reasonable inquiry by legal and factual research before filing the motion for declaratory relief and confirmation of the arbitration award. Although State Farm's claim was ultimately dismissed, the record does not

support a finding that their legal theory was sufficiently unreasonable or without foundation. While some of Counsel's arguments were not exceptionally strong, they do not compel a finding of recklessness or bad faith.  *See Barber v. Miller*, 146 F.3d 707, 711 (9th Cir. 1998).  Based on the procedural history of this case, Plaintiff's Counsel has proven that he conducted a reasonable and competent inquiry, and therefore had a reasonable basis to believe that State Farm had an action on which it could proceed.  As such, no Rule 11 sanctions should be awarded.

## CONCLUSION

For the reasons set forth above, I find that Plaintiff's complaint is not frivolous and therefore the Court will not impose Rule 11 sanctions.  Accordingly, I DENY Defendant's Motion for Sanctions [20].  IT IS SO ORDERED.

DATED this   17th   day of July, 2015.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge

9 – OPINION AND ORDER